MICHAEL PICKERING, (State Bar No. 109384)
Pickering Law Corporation
P.O. Box 992200
Redding, CA 96099
Telephone: (530) 241-5811
Facsimile: (530) 241-3145
Email: pickeringlaw@sbcglobal.net

Attorneys for Plaintiff
JOHN FRANKLIN

CYNTHIA L. MELLEMA (State Bar No. 122798)
JEFFRY BUTLER (State Bar No. 180936)
MEGAN BARKER (State Bar No. 245991)
Dentons US LLP
525 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email: cynthia.mellema@dentons.com
jeffry.butler@ dentons.com
megan.barker@ dentons.com

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JOHN FRANKLIN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ALLSTATE INSURANCE COMPANY,<br>DOES 1-10 inclusive,<br><br>　　　　Defendant. | CASE NO. 12-CV-03039-KJM-CMK<br><br>STIPULATION TO STAY ACTION PENDING RESOLUTION OF APPRAISAL PROCEEDINGS ; ORDER |

THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, STIPULATE AS FOLLOWS:

**Relevant Facts**

1. On or about March 15, 2011, a storm damaged plaintiff's boat. On the loss date, Allstate insured plaintiff's boat under Boatowners Policy number 9 04 535544 (the "Policy"). Plaintiffs submitted a property loss claim to Allstate as a result of the storm.

2. Allstate policy mandates that in the event of a dispute regarding the amount of loss, such as the dispute described above, either the insured(s) or Allstate may demand appraisal. Specifically, the Policy provides:

> If you and we fail to agree on the amount of loss, then, either party may make written demand for an appraisal. Upon such demand each party must elect a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where you live to select an umpire. each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of the request.
>
> The appraisers shall then determine the amount of loss, stating separately actual cash value and the amount of loss to each item. If the appraisers submit a written report of an agreement to use, the amount agreed upon shall be the amount of loss. If they cannot agree, they will submit their differences to the umpire. A written award by any two will determine the amount of loss.

3. In August 2012, the parties agreed to submit the dispute regarding the cost to repair plaintiff's boat to appraisal. The appraisers have been named, and those appraisers will select an umpire.

4. On March 12, 2012, plaintiff filed his complaint in the Shasta Superior Court. Plaintiff, however, did not serve Allstate until November 20, 2012. Allstate subsequently removed the case to the Eastern District of California.

**Stay of Pending Action In Its Entirety**

5. In federal court, the Federal Arbitration Act ("FAA") governs enforcement of agreements to arbitrate, the manner of conducting arbitrations, and standards for reviewing and enforcing arbitration awards. It mandates the enforcement of arbitration agreements arising out of transactions involving interstate commerce, and provides in relevant part as follows:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 et seq. *See also Warren-Guthrie v. Health Net*, 84 Cal. App. 4th 804, 810-11 (2000), overruled on another point in *Cronus Investments, Inc. v. Concierge Services*, 35 Cal. 4th 376, 393, fn. 8 (2005) (an insurance policy is within the scope of the FAA as affecting interstate commerce); *Rubin v. Western Mutual Ins. Co.,* 71 Cal. App. 4th 1539, 1545 (1999) ("The parties quite rightly do not dispute that the standard fire insurance form appraisal language has consistently been held to be an arbitration clause.").

6. As explained by the California Supreme Court, the "FAA, and section 2 in particular, 'was intended to reverse centuries of judicial hostility to arbitration agreements,' by placing arbitration agreements 'upon the same footing as other contracts.' Through the FAA, 'Congress precluded States from singling out arbitration provisions for suspect status . . . ." *Broughton v. Cigna Healthplans of California*, 21 Cal.4th 1066, 1074 (1999); *see also Gilmore v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 24 (1991) (the FAA's purpose is "to reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts").

7. Likewise, California Code of Civil Procedure Section 1281.2 provides: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists . . . ." California courts have held that the language is mandatory, not precatory (*Coast Plaza Doctors Hosp. v. Blue Cross of California*, 83 Cal. App. 4th 677, 687 (2002), and that any "doubts concerning the scope of arbitable issues [should] be resolved in favor of arbitration." *Market Ins. Corp. v. Integrity Ins. Co*., 188 Cal. App. 3d 1095, 1098 (1987).

8. The parties request this Court stay this action pending the appraisal process. "In the absence of a stay, the continuation of the proceedings in the trial court disrupts the [appraisal] proceedings and can render them ineffective." *Federal Ins. Co. v. Superior Court (Mackey)*, 60

Cal. App. 4th 1370, 1375 (1998); *Unetco Indus. Exch. v. Homestead Ins. Co.*, 57 Cal. App. 4th 1459, 1465-66 (1997) (acknowledging appraisal as a favored means of dispute resolution).

9. The FAA directs District Courts to stay proceedings pending conclusion of arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement*, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C § 3 (emphasis added); *see also* 9 U.S.C. § 4.

10. A stay is necessary to avoid duplicative proceedings and avoid potentially inconsistent results. *See generally Glade v. Glade,* 38 Cal. App. 4th 1441, 1449-51 (1995) (duplicative proceeding that would otherwise result in "conflicting adjudications of the same subject-matter" should be stayed).

11. All dates currently scheduled are hereby vacated.

12. The parties are ordered to file joint status reports every sixty days.

Dated: April __, 2013        PICKERING LAW CORPORATION


By _____
      MICHAEL PICKERING

Attorneys for Plaintiff
JOHN FRANKLIN

Dated: April __, 2013        DENTONS US LLP


By _____
      MEGAN BARKER

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

**ORDER**

In light of the parties' stipulations, without adopting any of their legal conclusions, and good cause showing IT IS HEREBY ORDERED that:

1. All proceedings in the above-captioned matter are stayed pending resolution of the underlying appraisal.

2. All dates currently scheduled are vacated.

3. The parties shall contact this Court within 30 days following the appraisal award or other resolution of the appraisal proceedings to request a case management conference.

Dated: April 23, 2013.

_____
UNITED STATES DISTRICT JUDGE