1    MICHAEL PICKERING, (State Bar No. 109384)
     Pickering Law Corporation
2    P.O. Box 992200
     Redding, CA  96099
3    Telephone: (530) 241-5811
     Facsimile:  (530) 241-3145
4    Email:        pickeringlaw@sbcglobal.net

5    Attorneys for Plaintiff
     JOHN FRANKLIN
6

7    CYNTHIA L. MELLEMA (State Bar No. 122798)
     JEFFRY BUTLER (State Bar No. 180936)
8    MEGAN BARKER (State Bar No. 245991)
     Dentons US LLP
9    525 Market Street, 26th Floor
     San Francisco, California  94105
10   Telephone: (415) 882-5000
     Facsimile: (415) 882-0300
11   Email:        cynthia.mellema@dentons.com
                   jeffry.butler@ dentons.com
12                 megan.barker@ dentons.com

13   Attorneys for Defendant
     ALLSTATE INSURANCE COMPANY
14

15

16                    UNITED STATES DISTRICT COURT

17                  EASTERN DISTRICT OF CALIFORNIA

18                        SACRAMENTO DIVISION

19   JOHN FRANKLIN,                              CASE NO. 12-CV-03039-KJM-CMK

20            Plaintiff,

21       vs.                                     STIPULATION TO STAY ACTION
                                                 PENDING RESOLUTION OF
                                                 APPRAISAL PROCEEDINGS ;  ORDER
22   ALLSTATE INSURANCE COMPANY,
     DOES 1-10 inclusive,

23

24            Defendant.

25

26

27

28

CASE NO. 12-CV-03039-KJM-CMK                -1-              STIP. TO STAY ACTION; ORDER

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

1          THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL OF RECORD,

2    STIPULATE AS FOLLOWS:

3          **Relevant Facts**

4          1.     On or about March 15, 2011, a storm damaged plaintiff's boat.  On the loss date,

5    Allstate insured plaintiff's boat under Boatowners Policy number 9 04 535544 (the "Policy").

6    Plaintiffs submitted a property loss claim to Allstate as a result of the storm.

7          2.     Allstate policy mandates that in the event of a dispute regarding the amount of loss,

8    such as the dispute described above, either the insured(s) or Allstate may demand appraisal.

9    Specifically, the Policy provides:

10            If you and we fail to agree on the amount of loss, then, either party may
              make written demand for an appraisal.  Upon such demand each party
11            must elect a competent and impartial appraiser and notify the other of the
              appraiser's identity within 20 days after the demand is received.  The
12            appraisers will select a competent and impartial umpire.  If the appraisers
              are unable to agree upon an umpire within 15 days, you or we can ask a
13            judge of a court of record in the state where you live to select an umpire.
              each shall select a competent and disinterested appraiser and notify the
14            other of the appraiser selected within 20 days of the request.

15            The appraisers shall then determine the amount of loss, stating separately
              actual cash value and the amount of loss to each item.  If the appraisers
16            submit a written report of an agreement to use, the amount agreed upon
              shall be the amount of loss.  If they cannot agree, they will submit their
17            differences to the umpire.  A written award by any two will determine the
              amount of loss.

18
          3.     In August 2012, the parties agreed to submit the dispute regarding the cost to repair
19
     plaintiff's boat to appraisal.  The appraisers have been named, and those appraisers will select an
20
     umpire.
21
          4.     On March 12, 2012, plaintiff filed his complaint in the Shasta Superior Court.
22
     Plaintiff, however, did not serve Allstate until November 20, 2012.  Allstate subsequently removed
23
     the case to the Eastern District of California.
24
          **Stay of Pending Action In Its Entirety**
25
          5.     In federal court, the Federal Arbitration Act ("FAA") governs enforcement of
26
     agreements to arbitrate, the manner of conducting arbitrations, and standards for reviewing and
27
     enforcing arbitration awards.  It mandates the enforcement of arbitration agreements arising out of
28
     transactions involving interstate commerce, and provides in relevant part as follows:

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

1
2
3

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

4   9 U.S.C. § 2 et seq.  *See also Warren-Guthrie v. Health Net*, 84 Cal. App. 4th 804, 810-11 (2000),

5   overruled on another point in *Cronus Investments, Inc. v. Concierge Services*, 35 Cal. 4th 376, 393,

6   fn. 8 (2005) (an insurance policy is within the scope of the FAA as affecting interstate commerce);

7   *Rubin v. Western Mutual Ins. Co.,* 71 Cal. App. 4th 1539, 1545 (1999) ("The parties quite rightly

8   do not dispute that the standard fire insurance form appraisal language has consistently been held

9   to be an arbitration clause.").

10         6.    As explained by the California Supreme Court, the "FAA, and section 2 in particular,

11   'was intended to reverse centuries of judicial hostility to arbitration agreements,' by placing

12   arbitration agreements 'upon the same footing as other contracts.'  Through the FAA, 'Congress

13   precluded States from singling out arbitration provisions for suspect status . . . ." *Broughton v.*

14   *Cigna Healthplans of California*, 21 Cal.4th 1066, 1074 (1999); *see also Gilmore v.*

15   *Interstate/Johnson Lane Corp.,* 500 U.S. 20, 24 (1991) (the FAA's purpose is "to reverse the

16   longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements

17   upon the same footing as other contracts").

18         7.    Likewise, California Code of Civil Procedure Section 1281.2 provides:  "On petition

19   of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a

20   controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the

21   petitioner and the respondent to arbitrate the controversy if it determines that an agreement to

22   arbitrate the controversy exists . . . ."  California courts have held that the language is mandatory,

23   not precatory (*Coast Plaza Doctors Hosp. v. Blue Cross of California*, 83 Cal. App. 4th 677, 687

24   (2002), and that any "doubts concerning the scope of arbitable issues [should] be resolved in favor

25   of arbitration." *Market Ins. Corp. v. Integrity Ins. Co*., 188 Cal. App. 3d 1095, 1098 (1987).

26         8.    The parties request this Court stay this action pending the appraisal process.  "In the

27   absence of a stay, the continuation of the proceedings in the trial court disrupts the [appraisal]

28   proceedings and can render them ineffective." *Federal Ins. Co. v. Superior Court (Mackey)*, 60

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

CASE NO. 12-CV-03039-KJM-CMK      -3-      STIP. TO STAY ACTION; ORDER

1   Cal. App. 4ᵗʰ 1370, 1375 (1998); *Unetco Indus. Exch. v. Homestead Ins. Co.*, 57 Cal. App. 4ᵗʰ

2   1459, 1465-66 (1997) (acknowledging appraisal as a favored means of dispute resolution).

3         9.     The FAA directs District Courts to stay proceedings pending conclusion of

4   arbitration:

5              If any suit or proceeding be brought in any of the courts of the United
               States upon any issue referable to arbitration under an agreement in
6              writing for such arbitration, the court in which such suit is pending, upon
               being satisfied that the issue involved in such suit or proceeding is
7              referable to arbitration under such an agreement, *shall on application of
               one of the parties stay the trial of the action until such arbitration has
8              been had in accordance with the terms of the agreement*, providing the
               applicant for the stay is not in default in proceeding with such arbitration.
9
10   9 U.S.C § 3 (emphasis added); *see also* 9 U.S.C. § 4.

11        10.    A stay is necessary to avoid duplicative proceedings and avoid potentially

12   inconsistent results. *See generally Glade v. Glade,* 38 Cal. App. 4ᵗʰ 1441, 1449-51 (1995)

13   (duplicative proceeding that would otherwise result in "conflicting adjudications of the same

14   subject-matter" should be stayed).

15        11.    All dates currently scheduled are hereby vacated.

16        12.    The parties are ordered to file joint status reports every sixty days.

     Dated: April __, 2013              PICKERING LAW CORPORATION
17

18
                                        By _____
19                                             MICHAEL PICKERING

20                                      Attorneys for Plaintiff
                                        JOHN FRANKLIN
21

22   Dated: April __, 2013              DENTONS US LLP

23
                                        By _____
24                                             MEGAN BARKER

25                                      Attorneys for Defendant
                                        ALLSTATE INSURANCE COMPANY
26

27

28

DENTONS US LLP
525 MARKET STREET, 26ᵀᴴ FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

**ORDER**

In light of the parties' stipulations, without adopting any of their legal conclusions, and good cause showing IT IS HEREBY ORDERED that:

1.    All proceedings in the above-captioned matter are stayed pending resolution of the underlying appraisal.

2.    All dates currently scheduled are vacated.

3.    The parties shall contact this Court within 30 days following the appraisal award or other resolution of the appraisal proceedings to request a case management conference.

Dated:  April 23, 2013.

_____
UNITED STATES DISTRICT JUDGE

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000